UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MADELEYN DIMITRACOPOULOS,

    Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION; TYEE CHIN, PRINCIPAL OF FLUSHING HIGH SCHOOL; GISELE MORGAN, ASSISTANT PRINCIPAL OF ENGLISH OF FLUSHING HIGH SCHOOL,

    Defendants.

**COMPLAINT**

**ECF CASE**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

CV ( )

---

Plaintiff MADELEYN DIMITRACOPOULOS ("Plaintiff"), by her attorneys GLASS KRAKOWER LLP, complaining of Defendants NEW YORK CITY DEPARTMENT OF EDUCATION ("NYCDOE"); TYEE CHIN, Principal of FLUSHING HIGH SCHOOL; and GISELE MORGAN, former Assistant Principal of English at FLUSHING HIGH SCHOOL (collectively "Defendants"), alleges as follows:

### PRELIMINARY STATEMENT

1.    Plaintiff has been a high school English teacher at Flushing High School within the New York City Department of Education since 1962, and has taught there her entire teaching career with the NYCDOE.

2. Plaintiff has faced ongoing discrimination by Defendants because of her age, and been retaliated with, *inter alia,* unsatisfactory or ineffective end of year observations and Section 3020-a and 3012-c expedited disciplinary charges seeking termination of her employment for complaining about this discrimination and retaliation in violation of the Age Discrimination in Employment Act of 1967 as amended, 29 U.S.C. Section 621 et seq. ("ADEA"); the Fourteenth Amendment of the United States Constitution; the New York State Constitution, and the statutory and common laws of the State of New York and the New York City Administrative Code. The action seeks declaratory and injunctive relief and compensatory and punitive damages both to secure future protection and to redress the past deprivation of rights secured to Plaintiff under federal and state and city law.

3. Plaintiff seeks compensatory and punitive damages to redress the discrimination and retaliation to which Defendants subjected her, and seeks damages for economic loss including lost pension accruals; pain and suffering; physical distress; emotional distress and mental anguish; injury to good name, long term career and reputation; costs; reasonable attorney's fees, and punitive damages.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the ADEA, 29 U.S.C. Section 621, and 28 U.S.C. Sections 1331 and 1337.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

6. This Court has supplemental jurisdiction over Plaintiff's state and city law claims under 28 U.S.C. Sec. 1367 (a).

7. All conditions precedent to jurisdiction under the ADEA have occurred or been complied with. Plaintiff filed a timely charge of discrimination and retaliation with the United States Equal Employment Opportunity Commission ("EEOC"). Plaintiff received a Notice of Right to Sue letter from the EEOC, dated August 22, 2016. A copy of the Notice of Right to Sue is annexed hereto at Exhibit A. Plaintiff had previously received a probable cause finding based on age and retaliation dated January 9, 2009, with a "reasonable cause" or probable cause finding of discrimination and retaliation against Defendants, and that matter was resolved through litigation in 09-CV-1415 (JW) before the Honorable Jack Weinstein in the Eastern District of New York. Plaintiff also resolved another federal litigation in November 2014 in the Eastern District of New York in 14-CV-674 (JW).

8. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District and Plaintiff is a resident of this District.

## PARTIES

9. At all times relevant hereto, Plaintiff Madeleyn Dimitracopoulos has been a citizen of the United States. Plaintiff is a resident of Queens County, State of New York.

10. Plaintiff is 75 years old.

11. Plaintiff has been employed as a teacher by Defendant New York City Department of Education (formerly known as the New York City Board of Education) from approximately 1962 to the present and, at all times relevant hereto, has been assigned to teach at Flushing High School as an English teacher.

12. Defendant City of New York is a municipality duly organized by the State of New York.

13. Defendant New York City Department of Education (formerly known as the New York City Board of Education) is an agency of the City of New York.

14. All actions and omissions described in this Complaint were made by Defendants directly and/or through their supervisory employees and agents.

15. Defendant NYCDOE has a principal executive office located at the Tweed Courthouse, 52 Chambers Street, New York, NY 10007.

16. All defendants routinely conduct business within the Eastern District of New York.

17. At all times relevant to this action, Defendant Tyee Chin was the Principal of Flushing High School in Queens, New York during the 2015-16 and 2016-17 school years, and supervised Plaintiff in the performance of her duties that year.

18. At all times relevant to this action, Defendant Gisele Morgan was the Assistant Principal of English at Flushing High School in Queens, New York, during the 2015-16 school year, and supervised Plaintiff in the performance of her duties.

19. At all times relevant to this action, Defendant NYCDOE was Plaintiff's employer within the meaning of the Age Discrimination in Employment Act (ADEA).

20. At all times relevant to this action, Defendant City of New York was Plaintiff's employer within the meaning of the Age Discrimination in Employment Act (ADEA).

## FACTS

21. Plaintiff Dimitracopoulos began teaching with Defendants New York City Department of Education (formerly New York City Board of Education) and Defendant City of New York in 1962 at Flushing High School, and continuing to the present.

22. Plaintiff is employed as an English teacher at Flushing High School, where she is the oldest and most senior member of the English Department. She has taught at the high school for her entire teaching career.

23. Plaintiff filed a previous federal discrimination charge against the NYCDOE with the EEOC and a subsequent federal lawsuit in 2009 in the Eastern District of New York against the NYCDOE based on age discrimination and retaliation. The EEOC found probable cause for her EEOC charge, and the federal lawsuit eventually settled in 2010 for a substantial monetary sum in 09-CV-1415 (JW) in the Eastern District of New York, with Plaintiff continuing to teach in her school and in the NYCDOE.

24. Since Plaintiff settled the lawsuit in late 2010, and a subsequent lawsuit in 2014 against Assistant Principal Gisele Morgan, she has again become subject to age discrimination and retaliation at Flushing High School during the 2014-15 and 2015-16 school years.

25. During the 2014-15 school year, Plaintiff was rated ineffective overall by Principal Tyee Chin and Assistant Principal Gisele Morgan. Ms. Morgan had been an individually named defendant in her previous federal lawsuit in 14 CV 674 (JW).

26. Upon Principal Chin's arrival at the school, he immediately observed and had Ms. Morgan observe Plaintiff early in the school year and rated her ineffective in observations in almost every category by October 2015. The ratings were unfair and inaccurate and in violation of the Danielson rubric, and she is now seeking to appeal these ratings, which may cost her job.

27. Principal Chin caused Assistant Principal Morgan to issue Plaintiff the first disciplinary letters of her entire career, dated October 2 and October 9, 2015, but not received until October 27, 2015.

28. Plaintiff also was denied the books to teach her senior class by Assistant Principal Morgan in February 2016.

29. Plaintiff's classes were also changed midyear in February 2016 even though her classes were annualized, which also caused her to lose a lunch period in violation of her doctor's orders.

30. Plaintiff also spent the entire year teaching an ICT special education class that was "out of compliance" with the students' Individualized Education Plans (IEPs) with over 40% or 13 special education students in the class. Plaintiff filed a grievance in the Spring term about this out of compliance assignment which violated the students' IEPs, but the grievance was never addressed by the administration.

31. Principal Chin also assigned a 28 year old co-teacher to Plaintiff's class to spy on her, and criticize her teaching performance throughout the 2015-16 school year.

32. In the beginning of the 2016-17 school year, Plaintiff was assigned another 34 year old co-teacher for each of her classes, who currently took over her classes after Plaintiff was reassigned from her duties on October 21, 2016.

33. Principal Chin also took away her YABC per session after school English program position at Flushing High School despite Plaintiff holding the position for 10 years since its inception with retention rights and always receiving Satisfactory ratings in the program.

34. Plaintiff also filed a NYS Public Employment Relations Board (PERB) charge in part for loss of that program. The very day that the PERB hearing took place on October 20, 2016, Defendant NYCDOE retaliated against her by signing disciplinary charges against Plaintiff pursuant to Section 3020-a and 3012-c of the New York State Education Law, and reassigned her from her duties the next day after more than 50 years of teaching.

35. As a result of Defendants' conduct and inaction, Plaintiff continues to be discriminated based on age and retaliated against in the terms and conditions of her employment.

36. Defendants' inaction, including their failure to investigate and their ongoing discriminatory conduct, constitutes additional actionable discrimination and retaliation.

37. Defendant Principal Chin is liable for the discriminatory and retaliatory acts taken by Defendant Morgan, his supervisory employee, who was acting within the apparent scope of the authority entrusted to her by Defendants.

38. Upon information and belief, Defendants, through their respective agents and employees, had actual notice and knew and/or should have known of the discrimination, retaliation, and harassment to which Plaintiff was subjected.

39. Defendants, through their respective agents and employees, failed to take steps to prevent and correct the discrimination, harassment, and retaliation to which Plaintiff has been subjected.

40. Defendants' actions were motivated throughout by unlawful discrimination, harassment, and retaliation.

41. As a result of Defendants' acts, Plaintiff has suffered and continues to suffer damage, including, upon information and belief, economic loss, as well as damage to her good name, profession, career and reputation, mental and physical pain and suffering, severe emotional distress, embarrassment, indignity, inconvenience, and substantial dislocation in her personal and professional life.

## FIRST CAUSE OF ACTION
## AGE DISCRIMINATION UNDER ADEA ("City" and "DOE")

42. Plaintiff realleges and incorporates by reference each and every allegation above as if fully set forth herein.

43. Defendants' conduct constitutes discriminatory treatment on the basis of age in violation of 29 U.S.C. Section 621 et seq.

44. As a direct and proximate result of Defendants' acts, Plaintiff has been damaged.

## SECOND CAUSE OF ACTION
## AGE DISCRIMINATION IN VIOLATION OF
## NEW YORK STATE HUMAN RIGHTS LAW (All Defendants)

45. Plaintiff realleges and incorporates by reference each and every allegation above as if fully set forth herein.

46. New York Human Rights Law, Executive Law Section 296(1)(a), prohibits discriminatory treatment in employment on the basis, of among other things, age.

47. New York Human Rights Law, Executive Law Section 296(6), provides that it is an unlawful and discriminatory practice for a person to aid, abet, incite, compel or coerce a discriminatory act or to attempt to do so.

48. Defendants' conduct constitutes discriminatory treatment on the basis of age in violation of the New York Human Rights Law.

49. As a direct and proximate result of Defendants' acts, Plaintiff has been damaged.

## THIRD CAUSE OF ACTION
## RETALIATION IN VIOLATION OF ADEA ("City" and "DOE")

50. Plaintiff realleges and incorporates by reference each and every allegation above as if fully set forth herein.

51. The ADEA prohibits an employer, inter alia, from taking retaliatory action against an employee because that employee has opposed, inter alia, discrimination based on age.

8

52. As described above, Defendants retaliated against Plaintiff for asserting her rights under the anti-discrimination laws with respect to compensation, terms, conditions, and privileges of employment in violation of the ADEA. As a direct and proximate result of Defendants' acts, Plaintiff has been damaged.

## FOURTH CAUSE OF ACTION
## RETALIATION IN VIOLATION OF NEW YORK
## HUMAN RIGHTS LAW (All Defendants)

53. Plaintiff realleges and incorporates by reference each and every allegation above as if fully set forth herein.

54. Section 296(7) of the New York State Human Rights Law prohibits any person from taking retaliatory action against an employee because that employee has opposed, *inter alia*, discrimination based on age.

55. As described above, Defendants retaliated against Plaintiff for asserting her rights under the anti-discrimination laws with respect to compensation, terms, conditions, and privileges of employment in violation of the New York State Human Rights Law, and as a direct and proximate result of Defendants' acts, Plaintiff has been damaged.

## FIFTH CAUSE OF ACTION
## AGE DISCRIMINATION IN VIOLATION OF NEW YORK
## CITY ADMINISTRATIVE CODE (All Defendants)

56. Plaintiff realleges and incorporates by reference each and every allegation above as if fully set forth herein.

57. Defendants discriminated against Plaintiff in the terms and conditions of her employment because of her age, in violation of New York State Administrative Code Sections 8-107, 8-502.

58. As a direct and proximate result of Defendants' acts, Plaintiff has been damaged.

## SIXTH CAUSE OF ACTION
## RETALIATION IN VIOLATION OF NEW YORK
## CITY ADMINISTRATIVE CODE (All Defendants)

59. Plaintiff realleges and incorporates by reference each and every allegation above as if fully set forth herein.

60. As described above, Defendants retaliated against Plaintiff for asserting his rights under the anti-discrimination laws with respect to compensation, terms, conditions, and privileges of employment in violation of the New York State Human Rights Law.

61. As described above, Defendants retaliated against Plaintiff for asserting her rights under the anti-discrimination laws with respect to compensation, terms, conditions, and privileges of employment in violation of the New York City Administrative Code Sections 8-107, 8-502.

62. As a direct and proximate result of Defendants' acts, Plaintiff has been damaged.

## SEVENTH CAUSE OF ACTION
## 42 U.S.C. SECTION 1983; EQUAL PROTECTION
## UNDER THE UNITED STATES CONSTITUTION (All Defendants)

63. Plaintiff realleges and incorporates by reference each and every allegation above as if fully set forth herein.

64. Defendants' acts as described above constituted adverse and discriminatory actions with respect to terms and conditions of Plaintiff's employment and Plaintiff's ability to engage in the practice of her profession.

65. Plaintiff's age was a substantial and motivating factor in the adverse actions taken by Defendants against Plaintiff.

66. By their acts as described above, Defendants have deprived Plaintiff of her rights to equal employment opportunities and equal protection of the law under the Fourteenth Amendment of the United States Constitution.

67. Defendants acted under color of law and in bad faith.

68. As a direct and proximate result of Defendants' acts, Plaintiff has been damaged.

### EIGHTH CAUSE OF ACTION
### EQUAL PROTECTION
### UNDER THE NEW YORK CONSTITUTION (All Defendants)

69. Plaintiff realleges and incorporates by reference each and every allegation above as if fully set forth herein.

70. Defendants' acts as described above constituted adverse and discriminatory actions with respect to the terms and conditions of Plaintiff's employment and Plaintiff's ability to engage in and practice in her profession.

71. Plaintiff's age was a substantial and motivating factor in the adverse actions taken by Defendants against Plaintiff.

72. By their acts as described above, Defendants have deprived Plaintiff of her rights to equal employment opportunities and equal protection of the law under the Fourteenth Amendment of the United States Constitution.

73. Defendants acted under color of law and in bad faith.

74. As a direct and proximate result of Defendants' acts, Plaintiff has been damaged.

75. Plaintiff also seeks punitive damages for the Defendants' egregious conduct.

### DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court award the following relief against Defendants:

a. Judgment declaring that the Defendants' acts Plaintiff's rights as secured by federal and state law prohibiting discrimination and retaliation in employment;

b. Enjoining Defendants from any further acts adversely affecting the terms and conditions of Plaintiff's employment including her appointments, compensation, and privileges;

c. Compensatory damages to compensate Plaintiff for breach of contract, economic loss, damage to name, profession, career and reputation, pain and suffering, emotional distress and mental anguish, embarrassment, indignity, and dislocation, in an amount to be determined at trial;

d. Punitive damages against one or all of the Defendants;

e. Statutory attorneys' fees, interest, costs, and disbursements; and

f. Such additional relief which the Court deems just and proper.

## JURY DEMAND

## PLAINTIFF DEMANDS A TRIAL BY JURY.

Dated: November 21, 2016
New York, New York

Respectfully Submitted,

**GLASS KRAKOWER LLP**

By: _____
BRYAN D. GLASS, ESQ.
100 Church Street, 8th Floor
New York, NY 10007
(212) 537-6859
Attorneys for Plaintiff

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Madeleyn Dimitracopoulos<br>81-08 Kent Street<br>Jamaica, NY 11432 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2016-02097 | Holly M. Woodyard,<br>State & Local Program Manager | (212) 336-3643 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other *(briefly state)*    **Charging party wishes to pursue matter in Federal District Court.**

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____     AUG 2 2 2016

Kevin J. Berry,<br>District Director     *(Date Mailed)*

Enclosures(s)

cc:

     **CITY OF NEW YORK, DEPARTMENT OF EDU**     **Glass Krakower, LLP**<br>
     52 Chambers St., Rm. 308     Attn: Bryan Glass, Esq.<br>
     Attn: Robin Greenfield, Deputy Gen.     100 Church Street, Suite 800<br>
     New York, NY 10007     New York, NY 10007